**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM NEELD, | Civil Action No. 11-1731 (JBS) |
| Petitioner, |  |
| v. | **O P I N I O N** |
| STATE OF NJ, et al., |  |
| Respondents. |  |

**APPEARANCES:**

William Neeld, Pro Se
#308443-488377A
Northern State Prison
168 Frontage Road
Newark, NJ 07114

**SIMANDLE, Chief Judge**

Petitioner, William Neeld, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and a motion to appoint counsel (docket entry 7), which remain pending before this Court.  Under separate Order, this Court has ordered the Respondents to answer the petition.  At this time, the motion for counsel must be denied, without prejudice.

## BACKGROUND

Petitioner filed this habeas petition, pro se, arguing that his constitutional rights were violated during the course of his state court trial.  See Petition, Docket entry 1.  Petitioner

seeks the appointment of counsel due to the complexity of the issues, because he is unable to afford counsel, and because he lacks legal skills and the ability to investigate.  (Motion, docket entry 7).

## DISCUSSION

There is no Sixth Amendment right to appointment of counsel in habeas proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings), superseded on other grounds by statute, 28 U.S.C. § 2254(d).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim.  See Biggins v. Snyder, 2001

---

[1] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

2

WL 125337 at * 3 (D. Del. February 8, 2001)(unpubl.)(citing Reese v. Fulcomer, 946 F.2d at 263-64)(other citations omitted).  Next, the Court must determine whether the appointment of counsel will benefit the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts.  See id. (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted).  "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel."  Id. (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992)(unpubl.)(stating that the factors the court should consider in appointing counsel under § 3006A include:  "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

In the instant case, the Court must first determine if Petitioner states non-frivolous, meritorious claims.  In his petition, Petitioner argues that he had inadequate counsel at his trial, and that prosecutorial misconduct and trial errors

occurred during the proceedings.  From the face of the petition, these contentions do not appear to be frivolous, and may or may not have merit.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989)(in actions filed pursuant to 42 U.S.C. § 1983, a "frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

Next, the Court must examine whether the appointment of counsel will benefit the Court and Petitioner.  The instant case seems to be fairly "straightforward and capable of resolution on the record."  See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)).  Petitioner has shown his capability to proceed pro se by filing the petition and instant motion with attachments, and letters to the Court.  As a prisoner, Petitioner does have access to the prison law library and a limited ability to investigate the law.  See Jones v. Kearney, 2000 WL 1876433 at *2 (D. Del. December 15, 2000)(unpubl.).  Additionally, Petitioner's claims are not complex and are capable of resolution on the record.  This Court's review of the petition is limited to reviewing whether the state court adjudications:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in

>  light of the evidence presented in the State
>  court proceeding.

See 28 U.S.C. § 2254(d).  With regard to Petitioner's claims, the record to be provided by Respondents should provide the Court with the information needed to resolve this case.  It does not appear that expert testimony will be required.

At this early point in the proceedings, the Court will deny Petitioner's motion to appoint counsel, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court.  However, the denial will be without prejudice to Petitioner refiling his motion in the future if necessary to the case.

## CONCLUSION

Based on the foregoing, Petitioner's motion for counsel will be denied.  An appropriate Order accompanies this Opinion.

 s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief Judge
United States District Court

Dated:    **February 22, 2012**