**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY

WILLIAM NEELD,                  :
                                     Civil Action No. 11-1731 (JBS)
          Petitioner,           :

     v.                         :        O P I N I O N

STATE OF NEW JERSEY, et al.,    :

          Respondents.          :
```

**APPEARANCES:**

William Neeld, Pro Se
#4308443-488377A
Northern State Prison
168 Frontage Road
Newark, NJ 07114

Jason Magid
Assistant Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
Attorney for Respondents

**SIMANDLE, Chief Judge**

Respondents have filed a motion to seal (docket entry 28) in this habeas case filed by Petitioner pursuant to 28 U.S.C. § 2254. Petitioner has not opposed the motion.

For the following reasons, the motion will be granted.

### BACKGROUND

Respondents filed this motion to seal along with their Response to Petitioner's habeas petition. Respondents seek to admit, as part of the state court record attached to that

Response, Petitioner's state Pre-Sentence Investigation Report ("PSIR"); however, they seek to file it under seal, pursuant to Local Civil Rule 5.3, "given the confidential nature of the information contained therein."  (Brief, p. 2).

Respondents argue that under New Jersey state law, PSIRs are not a matter of public record; rather, they are confidential to the parties.  The sealing of the report falls within the purview of Local Civil Rule 5.3(a)(3).  (Brief, p. 4).

### **DISCUSSION**

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to both materials filed with the Court and judicial proceedings themselves.  See Allyn Z. Lite, N.J. Federal Practice Rules, Comment 1 to L. Civ. R. 5.3 (Gann 2012).  Under L. Civ. R. 5.3(c)(2), a party seeking an Order to seal materials or judicial proceedings must describe:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

The Court finds that under the standard enunciated above, there is good cause to seal Petitioner's state PSIR.  First, the PSIR is a material that should be sealed under the rules governing the State of New Jersey, and thus falls within the purview of L. Civ. R. 5.3(a)(3).  Presentence investigation reports are subject to rules of confidentiality.  While N.J. Civ.

2

R. 3:21-2(a) allows the PSIR to be furnished to the defendant and prosecutor, the PSIR should not be made a matter of public record.  See State v. DeGeorge, 113 N.J. Super. 542, 544 (App. Div. 1971); see also State v. Boiardo, 82 N.J. 446, 463 n.14 (1980).  Moreover, presentence investigative reports in federal criminal cases are presumed to be confidential.  See generally, Comment 3b to Local Criminal Rule 32.1.

Second, there is a clear interest to protect the confidentiality and privacy concerns of Petitioner that outweighs any public interest in gaining access to the court-filed document (PSIR).  There does not appear to be any less restrictive alternative to protect disclosure of this confidential material.  Given the confidential nature of all the information contained therein, redaction does not seem an adequate method to protect disclosure.

Thus, the Court recognizes that sealing the PSIR is necessary to protect Petitioner's privacy interests and there is no less restrictive alternative available than sealing the PSIR at this time.  See Oliver v. N.J. State Parole Bd., 2007 U.S. Dist. LEXIS 21136 (D.N.J. Mar. 26, 2007) (Hochberg, J.)(granting defendant's motion to seal diagnostic and evaluative assessments of plaintiff prisoner because there was no less restrictive alternative to protect the prisoner's privacy interest).

Therefore, this Court will grant Respondents' motion to seal

the PSIR.

## CONCLUSION

For the reasons set forth above, Respondents' motion to seal Petitioner's state PSIR, pursuant to L. Civ. R. 5.3, will be granted.  An appropriate Order follows.

                        **s/ Jerome B. Simandle**
                        JEROME B. SIMANDLE
                        Chief Judge
                        United States District Court

Dated: **December 19, 2012**