**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

WILLIAM NEELD,                         :

    Petitioner,                    :      Civil Action No. 11-1731 (JBS)

        v.                          :      **OPINION**

WARDEN PAUL LAGANA, et al.,            :

    Respondents.                   :

---

**APPEARANCES:**

William Neeld, *Pro Se*
308-443-488377A
Northern State Prison
168 Frontage Road
Newark, NJ 07114

Jason Magid, Esq.
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
Attorney for Respondents

**SIMANDLE, Chief Judge**

    Petitioner, William Neeld, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Respondents submitted an answer to the petition (Docket Item 26), with the available state court record. For the following reasons, the petition will be denied.

## BACKGROUND

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division ("Appellate Division"), in Petitioner's direct appeal.[1]

> Defendant's conviction and sentence stemmed from an incident that occurred on June 19, 1997, involving defendant and LJH, the victim of the offenses with which defendant was charged. Defendant and LJH had lived together for four years. LJH gave birth to two children fathered by defendant during this relationship. Approximately three weeks before the incident, LJH moved out of defendant's house and took up residence with a friend. According to the State's evidence, defendant waited in ambush outside of the friend's residence for LJH to return home. He then accosted her with a knife, threatened her, and forced her into a wooded area where he raped her. Defendant then took LJH to his home against her will where he continued to threaten and sexually assault her. LJH escaped when defendant fell asleep and reported the matter to the police. The police found a patch of flattened grass and a knife in the area of the woods where LJH claimed she was raped. An arrest warrant was issued for defendant. The police found defendant hiding behind a false wall in the bathroom of his house. On the evening of his arrest, defendant called LJH from jail and threatened to kill her if she did not withdraw the complaint. Threatening phone calls continued thereafter.
> Defendant testified in his own behalf.  His testimony, in essence, asserted defenses of consent

---

[1]   Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

      and intoxication. The jury obviously did not accept
      defendant's version of the events.

(Ra 11, *State v. Neeld*, A-2928-98T4 (Apr. 27. 2000), at pp. 3-4).

    On September 10, 1997, Petitioner was charged in a Camden County Indictment with first degree kidnapping; third-degree criminal restraint; third-degree possession of a knife for an unlawful purpose; fourth-degree unlawful possession of a knife under circumstances not manifestly appropriate; third-degree terroristic threats; third-degree aggravated assault; first-degree aggravated sexual assault; second-degree tampering with a witness; and fourth-degree possession of a weapon by a criminal, in violation of New Jersey law (Ra 1). He was tried before a jury and found guilty and sentenced as a persistent offender. After review by the Appellate Division, the Appellate Division affirmed the conviction on April 27, 2000 (Ra 11) but modified the sentence to a 60-year extended term of imprisonment with a 35-year parole bar (Ra 4, 10). The New Jersey Supreme Court denied certification on January 3, 2001 (Ra 16).

    Petitioner filed a motion for post-conviction relief ("PCR") and on October 24, 2002, the court granted Petitioner's motion to correct his illegal sentence, modifying the sentence to a 60-year extended term with a 25 and one-half year parole bar, and filed an amended judgment of conviction (Ra 25). On

3

January 24, 2003, Petitioner's PCR motion was denied (Ra 26). The Appellate Division affirmed the denial on December 14, 2004 (Ra 30) and the New Jersey Supreme Court denied certification on February 16, 2005 (Ra 34).

Petitioner filed a second motion for PCR which was denied on May 9, 2007 (Ra 39), and affirmed by the Appellate Division on April 30, 2009 (Ra 43). The New Jersey Supreme Court denied certification on April 20, 2010 (Ra 48).

### **PETITIONER'S CLAIMS**

In his petition (Docket Item 1), Petitioner sets forth four grounds for habeas relief: (1) denial of representation at the probable cause/bail hearing; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; and (4) trial court errors and abuse of discretion.[1] (Petition, ¶ 12).

Respondents argue that the only federal claim properly presented for habeas review by Petitioner is the ineffective assistance of counsel claim, and that all other claims fail to

---

[1] Ground Four of the petition simply states: "Trial court multiple errors and abuse of discretion." As Petitioner offers no specific claims or any specific facts to support his claims, and as trial court errors are not actionable in a federal habeas action, this Ground for relief is denied. *See, e.g., Smith v. Phillips*, 455 U.S. 209, 221 (1982)("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.")

allege a deprivation of a federal right. (Answer, Docket Item 26 at pp. 35-47).

**DISCUSSION**

**A.    Section 2254 Cases**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts

5

the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). *Id.* at 407-09. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. *See id.* at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of

6

inferior federal courts. *See Matteo v. Superintendent*, 171 F.3d 877, 890 (3d Cir. 1999).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." *Priester v. Vaughn*, 382 F.3d 394, 398 (3d Cir. 2004) (citing *Early v. Packer*, 537 U.S. 3 (2002); *Woodford v. Visciotti*, 537 U.S. 19 (2002)), *cert. denied*, 543 U.S. 1093 (2005).

Further, "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).

**B.     Grounds One and Two**

    1.     Standard of Review for Ineffective Assistance Claims

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel is "the right to *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

7

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

The performance and prejudice prongs of *Strickland* may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Id.* at 697. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As a general matter, strategic choices made by counsel after a thorough investigation of the

8

facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91. If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of *Strickland*. *See Berryman v. Morton*, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

Also, "claims of ineffective assistance of appellate counsel are also governed by the Strickland standard." *Lusick v. Palakovich*, 270 F. App'x 108, 110 (3d Cir. 2008) (citing *United States v. Mannino*, 212 F.3d 835, 840 (3d Cir. 2000); *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004).

2.   Petitioner's Claims

In Ground One of his petition, Petitioner argues that he was denied a fair trial because the trial court "impos[ed] a fired court appointed defence [sic] attorney who was not working for the interest of the Defendant." He also argues that he "was denied legal representation at the culpable probable cause hearing" and that his "due process right to be present and

9

presented at his initial bail fixing was violated." (Petition, ¶ 12(a).

In Ground Two, Petitioner claims that trial counsel was ineffective for: failing to be present at the initial bail hearing; failing to file a motion for probable cause and other pre-trial motions; failing to file a motion to compel the state to provide full discovery, including a medical report; advising Petitioner to take the plea agreement without investigation into witnesses; and failing to enlist an expert on Petitioner's pursuit of an intoxication defense. As to appellate counsel, Petitioner claims appellate counsel failed to argue all multiple violations of his rights and failed to consult to discuss viable arguments.[2] (Petition, ¶ 12(a)).

---

[2] Petitioner's claims, except for the claim that trial counsel failed to enlist the expert evaluation of the Petitioner on the intoxication defense, were not brought before the state courts. Respondents argue that the claims "are procedurally barred as petitioner has failed to exhaust those claims . . . ." (Answer, p. 39).
  This Court finds that the claims are not procedurally defaulted, rather they were not presented to the state court for review at all; thus, they are unexhausted. However, a court may deny unexhausted claims on the merits under 28 U.S.C. 2254(b)(2). *See Granberry v. Greer*, 481 U.S. 129, 135 (1987) (permitting denial of unexhausted claims under § 2254(b)(2) "if it is perfectly clear that the applicant does not raise even a colorable federal claim"), cited in *Lambert v. Blackwell*, 134 F.3d 506, 514-15 (3d Cir. 1997), *cert. denied*, 532 U.S. 919 (2001).

Citing *Strickland v. Washington*, the seminal case concerning the federal constitutional standard of an ineffective assistance of counsel claim, the Appellate Division and PCR court rejected Petitioner's claims. As to Petitioner's claim that counsel was ineffective based on the failure to provide an expert report regarding the intoxication defense, the record reveals that defense counsel *did* secure an expert report, but, as found by the Appellate Division, the report "was not presented because it was not helpful to the defense." (Ra 43 at p. 4). Specifically, the Appellate Division found:

> None of the information offered on remand, even when viewed in the light most favorable to defendant, established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. *State v. Preciose*, 129 N.J. 451, 462-64 (1992). At trial, defendant's attorney elicited testimony from his children about his drinking on the day of the crimes that was more favorable to defendant's claim that his thought processes were impaired than the testimony which defense counsel did not present, which was defendant's alcohol consumption and behavior on the day of the crimes was nothing out of the ordinary. Although defendant has been given ample opportunity, <u>he was unable to present evidence that even suggests that this trial attorney's performance was 'deficient' or that there is any 'reasonable probability' that the result of his trial would have been different if counsel had presented additional, available evidence.</u> *Ibid.*

11

(Ra 43) (emphasis added). Thus, the state court utilized the correct federal standard to find that counsel did not perform deficiently to warrant relief.

Additionally, it is well-established that appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see *Jones v. Barnes*, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). Here, Petitioner's claims that appellate counsel failed to consult with him and failed to "argue all multiple violations" of his rights are insufficient to warrant habeas relief.

Also, Petitioner's claims regarding filing motions and the probable cause hearing do not warrant habeas relief. The Supreme Court expressly held that even if a defendant was detained without probable cause, such initial error would not affect the conviction or ultimate outcome of the case. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). In *Gerstein*, the Court said: "[A] judicial hearing is not prerequisite to prosecution by information. [ ][A]lthough a suspect who is presently detained

12

may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Id.* Consequently, in an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), where a defendant must show both deficient performance and prejudice, Petitioner cannot demonstrate prejudice irrespective of whether his claim is true or not.

It is clear that Petitioner also has not shown any prejudice resulting from the alleged failures of trial counsel. A review of the record reveals that there was ample evidence to support Petitioner's conviction, including the testimony of the victim herself, Petitioner, and witnesses, the credibility of which were assessed by the jury. Any errors on counsel's part, if they exist, are unlikely to have affected the result.

The Court is satisfied that none of the ineffective assistance of counsel claims presented by Petitioner in Grounds One and Two of his petition are sufficient to warrant habeas relief, as the state courts' decisions on the ineffective assistance of counsel issues were not contrary to, and did not involve an unreasonable application of, clearly established federal law. Nor were they based on an unreasonable

13

determination of the facts presented in the state court proceedings.

**C.    Ground Three**

In Ground Three of his petition, Petitioner argues prosecutorial misconduct in the handling of his criminal trial, including: the prosecutor delayed the trial to gain a tactical advantage; the prosecutor interfered with the attorney-client privilege by withholding evidence; the prosecutor manipulated the Grand Jury process with misleading evidence to obtain the indictment; the prosecutor suppressed exculpatory evidence including a letter written by the victim to Petitioner in jail and a telephone conversation between the victim and Petitioner; and the prosecutor vouched for the truthfulness of the state witness's testimony in closing arguments. (Petition, ¶ 12(a)).

A criminal defendant's due process rights are violated if prosecutorial misconduct renders a trial fundamentally unfair. *See Darden v. Wainwright*, 477 U.S. 168, 182–83 (1986). A prosecutorial misconduct claim is examined in "light of the record as a whole" in order to determine whether the conduct "had a substantial and injurious effect or influence" on the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). A "reviewing court must examine the prosecutor's offensive

actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant." *Moore v. Morton*, 255 F.3d 95, 107 (3d Cir. 2001).

In this case, Petitioner fails to show that he is entitled to federal habeas relief on this claim. As noted, the purported misconduct must be assessed in the context of the entire trial. During Petitioner's trial, Petitioner presented defenses based on consent, reasonable doubt and intoxication. He testified that he did not remember much about the night and denied criminal intention. (*See, generally,* Rta 4:148-171, Trial Transcript, Aug. 12, 1998). For the state, the victim testified (Rta 4), as well as Detective Zuczek (Rta 3), and the children of the victim and Petitioner who had witnessed parts of the incident (Rta 4).

This Court has reviewed the transcripts and arguments of the parties and finds that there is no argument to be made by Petitioner that his trial was fundamentally unfair. This was a case of credibility:  the victim's versus the Petitioner's, and the jury chose to believe the victim's version of the events. The state court rulings were not contrary to, and did not involve an unreasonable application of, clearly established federal law. Nor were they based on an unreasonable determination of the

15

facts presented in the state court proceedings. Therefore, Petitioner is not entitled to relief on these claims of misconduct.

### D.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

**CONCLUSION**

For the reasons set forth above, the Petition for a Writ of Habeas Corpus is denied. No certificate of appealability will issue.

An appropriate Order follows.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE, Chief Judge
                                              United States District Court

Dated:    **April 2, 2014**